UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6  #16(2/4)

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1191 PSG (DFMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | Tim Alders v. YUM! Brands, Inc. et al. | | |

Present: The Honorable  Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**   The Court GRANTS Defendants' motion to dismiss Plaintiff's first through fifth causes of action, DECLINES to exercise supplemental jurisdiction over the remaining state law claims, and DENIES AS MOOT Defendants' motion to transfer venue.

Before the Court is a motion to dismiss or, in the alternative, to transfer venue filed by Defendants YUM! Brands, Inc. ("YUM"); Taco Bell Corp.; YUM! Brands, Inc. 401(k) Plan (the "401(k) Plan"); YUM! Brands Inc. Retirement Plan (the "Salaried Plan"); YUM! Brands, Inc. Pension Equalization Plan (the "PEP"); and the YUM! Brands, Inc. Investment Committee (the "Investment Committee") (collectively, "Defendants"). *See generally* Dkt. # 16 ("*Mot.*"). Plaintiff Tim Alders ("Plaintiff") opposed, *see generally* Dkt. # 24 ("*Opp.*"), and Defendants replied, *see generally* Dkt. # 25 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** the motion to dismiss Plaintiff's first through fifth causes of action, **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims, and **DENIES AS MOOT** the motion to transfer venue.

I.   Background

This case arises out of Plaintiff's work for YUM and YUM-owned brands from 1995 to 2020. *See Second Amended Complaint*, Dkt. # 15 ("*SAC*"), ¶¶ 2, 21–24, 28–43. Plaintiff alleges that throughout this 25-year period, YUM intentionally misclassified him as an independent contractor but that he was actually an employee. *Id.* ¶¶ 37–43. As a result, Plaintiff asserts that he was wrongfully excluded from participation in various retirement plans, including the PEP, the Salaried Plan, the 401(k) Plan, and the YUM! Brands Executive Income Deferral Program (collectively, the "YUM Plans"). *See id.* ¶¶ 2, 44–50. Thus, Plaintiff alleges that he did not participate in any of the YUM Plans, even though he should have been allowed to do so. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1191 PSG (DFMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | Tim Alders v. YUM! Brands, Inc. et al. | | |

¶¶ 48, 50.

  A few months after he stopped working for YUM, Plaintiff contacted the administrators of the YUM Plans, requesting copies of documents related to the plans. *Id.* ¶¶ 52, 56. After confirming Plaintiff's identity, the plan administrators responded that they were unable to provide Plaintiff with the documents he requested because he did not appear to be a participant in the relevant plans. *See id.* ¶¶ 54–55, 57–59.

  A few weeks later, Plaintiff filed suit in this Court. *See generally* Dkt. # 1. The operative second amended complaint ("SAC") asserts nine causes of action:

> First Cause of Action (Against YUM, the 401(k) Plan, the Salaried Plan, the PEP, and the Investment Committee): Claim for clarification of right to future benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). *SAC* ¶¶ 63–69.
>
> Second Cause of Action (Against YUM, the 401(k) Plan, the Salaried Plan, the PEP, and the Investment Committee): Claim for benefits pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B). *SAC* ¶¶ 70–76.
>
> Third Cause of Action (Against YUM): Claim for appropriate equitable relief pursuant to ERISA, 29 U.S.C. § 1132(a)(3). *SAC* ¶¶ 77–87.
>
> Fourth Cause of Action (Against YUM and the Investment Committee): Breach of fiduciary duty, 29 U.S.C. §§ 1109(a), 1132(a)(2). *SAC* ¶¶ 88–93.
>
> Fifth Cause of Action (Against YUM and the Investment Committee): Claim for appropriate equitable relief pursuant to ERISA, 29 U.S.C. § 1132(a)(3). *SAC* ¶¶ 94–100.
>
> Sixth Cause of Action (Against all Defendants): Breach of contract. *Id.* ¶¶ 101–15.
>
> Seventh Cause of Action (Against all Defendants): Failure to pay all wages and on a timely basis, Cal. Lab. Code §§ 201–03. *SAC* ¶¶ 116–29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1191 PSG (DFMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | Tim Alders v. YUM! Brands, Inc. et al. | | |

<u>Eighth Cause of Action (Against all Defendants)</u>: Unreimbursed expenses, Cal. Lab. Code § 2802.  *SAC* ¶¶ 130–39.

<u>Ninth Cause of Action (Against all Defendants)</u>: Violation of the California Business & Professions Code §§ 17200, et seq.  *SAC* ¶¶ 140–56.

Defendants now move to dismiss the SAC or, in the alternative, to transfer venue to the Western District of Kentucky.  *See generally Mot*.

II.    <u>Legal Standards</u>

A.    <u>Rule 12(b)(6)</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff.  *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

B.    <u>Leave to Amend</u>

Whether to grant leave to amend rests in the sound discretion of the trial court.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment."  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1191 PSG (DFMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | Tim Alders v. YUM! Brands, Inc. et al. | | |

C.     Supplemental Jurisdiction

If a district court possesses original jurisdiction over one or more claims in an action, it also has "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court has the discretion to decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law;
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). Assuming one of § 1367(c)'s four grounds for declining supplemental jurisdiction is implicated, district courts must additionally consider the *Gibbs* "animating values" of supplemental jurisdiction—comity, fairness, convenience, and economy. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)).

III.     Requests for Judicial Notice and Incorporation by Reference

Defendants request that the Court take judicial notice of a statement of information from the California Secretary of State website and incorporate by reference more than 40 documents referenced or relied upon in the SAC. *See Mot.* 2:27–3:9 & 3 n.2, 4 n.4, 6 n.10; *see generally* Dkt. # 16-1 & Exs. A–OO. Plaintiff does not oppose these requests. Although the Court recognizes that many of these items are likely proper subjects for judicial notice or incorporation by reference, the Court does not find the items necessary for deciding the instant motion and therefore need not incorporate them by reference or take judicial notice of them.

IV.     Discussion

The Court first addresses (A) Plaintiff's first through fifth causes of action asserting claims under ERISA ("ERISA Claims"), and then turns to (B) Plaintiff's sixth through ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1191 PSG (DFMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | Tim Alders v. YUM! Brands, Inc. et al. | | |

causes of action ("State Law Claims").

      A.     ERISA Claims

Defendants argue that each of Plaintiff's ERISA Claims should be dismissed due to Plaintiff's failure to exhaust the YUM Plans' administrative remedies and for failure to state a claim. *Mot.* 8:24–17:5. Because the Court concludes that each of Plaintiff's ERISA claims must be dismissed for lack of statutory standing, it does not reach Defendants' exhaustion argument.

Under ERISA, civil actions may be brought by plan participants, beneficiaries, or fiduciaries, as well as the Secretary of Labor. *See* 29 U.S.C. § 1132(a). ERISA permits "a participant or beneficiary" to bring a lawsuit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* § 1132(a)(1)(B). Section 1132(a)(2) authorizes "a participant, beneficiary or fiduciary" to bring suit for relief under § 1109, which governs liability for breaches of fiduciary duties by plan fiduciaries. *Id.* §§ 1109, 1132(a)(2). Additionally, a "participant, beneficiary, or fiduciary" may sue "to enjoin any act or practice which violates any provision" of ERISA or "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *Id.* § 1132(a)(3).

Here, Plaintiff asserts claims under §§ 1132(a)(1)(B), (a)(2), and (a)(3), *SAC* ¶¶ 63–100, and contends that he may bring these claims as a participant of the YUM Plans, *see Opp.* 11:13–13:15. ERISA defines a "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." *Id.* § 1002(7). "The Supreme Court has interpreted § 1002(7) to include a former employee who has 'a colorable claim that . . . she will prevail in a suit for benefits.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 977 (9th Cir. 2012) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989)). Thus, to bring an ERISA claim, a former employee need only assert "a colorable claim that he or she is a participant" in the relevant ERISA plan. *Leeson*, 671 F.3d at 978–79. The Ninth Circuit has held that whether a plaintiff is a plan participant is "a substantive element" of his or her ERISA claim rather than "a prerequisite for subject matter jurisdiction." *Id.* at 971. Accordingly, "a dismissal for lack of statutory standing [under ERISA] is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction." *Vaughn v. Bay Env't Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2008).

Defendants argue that the SAC fails to sufficiently allege that Plaintiff qualifies as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1191 PSG (DFMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | Tim Alders v. YUM! Brands, Inc. et al. | | |

"participant" under the YUM Plans. *See Mot.* 12:4–16:19. Plaintiff counters that the SAC adequately alleges that he is a former employee with a colorable claim to benefits under the YUM Plans—i.e., that he has statutory standing as a participant under ERISA. *Opp.* 11:13–15:11. The Court disagrees.

Even if the SAC pleads sufficient facts to allege that Plaintiff was a common law employee rather than an independent contractor, he does not state a colorable claim to vested benefits under the YUM Plans. Although the SAC contains a single allegation that "Plaintiff was a participant, as defined by ERISA [], 29 U.S.C. § 1002(7), in the YUM Plans," *SAC* ¶ 9, the Court need not "accept as true [such] a legal conclusion couched as a factual allegation." *See Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In fact, the Supreme Court has rejected the notion that a "participant" under ERISA "is any person who claims to be one." *Firestone Tire & Rubber Co.*, 489 U.S. at 117. Further, this conclusory statement is repeatedly contradicted by allegations throughout the SAC that Plaintiff was not in fact a participant in the YUM Plans. *See, e.g.*, *SAC* ¶ 99 (challenging "Plaintiff's wrongful exclusion from participation in the YUM Plans"); *id.* ¶ 48 ("Plaintiff, had he been properly recognized as a common law employee during his term of service, *would have been a Participant* in each of the YUM Plans" (emphasis added)); *id.* ¶ 50 ("Defendants have excluded Plaintiff from the definition of "employee" . . . eligible to participate in the YUM Plans"). At bottom, Plaintiff's ERISA Claims are premised on the notion that he was wrongfully excluded from participating in the YUM Plans and thus did not participate in the plans.

"[U]nder Ninth Circuit authority, a claim that a former employee plaintiff *should have been included in a plan*, but *actually was not included* in a plan, does not give [the] plaintiff a 'colorable claim to vested benefits' for ERISA standing purposes." *Rosset v. Hunter Eng'g Co.*, No. CV 14–01701 LB, 2014 WL 8623332, at *8 (N.D. Cal. Aug. 15, 2014) (citing *Curtis v. Nev. Bonding Corp.*, 53 F.3d 1023, 1028–29 (9th Cir. 1995), *overruled on other grounds by Leeson*, 671 F.3d 969); *see also Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 931, 933 (9th Cir. 1994), *overruled on other grounds by Leeson*, 671 F.3d 969 (plaintiff did not assert a colorable claim to vested benefits because he was not actually covered by the benefits plan, even though he was told he would be covered). "This is because a plaintiff must actually participate in a benefits plan to sue under ERISA . . . [and a plaintiff] cannot have a colorable claim to vested benefits when one never began accruing benefits at all." *Saeyoung Vu v. Fashion Inst. of Design & Merchandising*, No. CV 14–08822 SJO (Ex), 2015 WL 13545180, at *6 (C.D. Cal. July 13, 2015) (internal quotation marks and citation omitted).

The Court finds *Saeyoung Vu* particularly instructive. There, the former employee plaintiff did not allege that she had elected to defer part of her salary to the relevant 401(K) plan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1191 PSG (DFMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | Tim Alders v. YUM! Brands, Inc. et al. | | |

"but instead maintain[ed] that she was wrongfully prohibited from participating in this element of the Plan." 2015 WL 13545180, at *5–6. The court accordingly found that the plaintiff was not a participant in this element of the plan and that she lacked statutory standing to bring ERISA claims related to this part of the plan. *Id.* at *6. Here, the SAC similarly alleges that Plaintiff was "[d]en[ied] the right to participate in the 401(k) Plan" and "not given the opportunity to make elective deferrals to the 401(k) Plan." *See* SAC ¶¶ 73–74. In other words, as in *Saeyoung Vu*, Plaintiff alleges that he did not actually defer part of his salary to the 401(k) Plan because he was wrongfully excluded from participating in the plan. *Cf. Ruocco v. Bateman, Eichler, Hill, Richards, Inc.*, 903 F.2d 1232, 1236 (9th Cir. 1990) (former employee who previously participated in and "contributed financially to the plan" presented a colorable claim to vested benefits).

Plaintiff's allegations regarding the other YUM Plans do not fare any better. In *Saeyoung Vu*, the court determined that the plaintiff sufficiently alleged that she was a participant under the profit-sharing element of the 401(K) plan. 2015 WL 13545180, at *6–8. Because the plan terms indicated that eligible employees automatically became participants in this portion of the 401(K) plan after a certain time, and the complaint alleged that, based on her employment, the plaintiff "was a participant in the Plan," "remain[ed] a participant in the Plan," and "ha[d] accrued a vested interest in the Plan funds," the court determined that the plaintiff alleged sufficient facts to state a colorable claim to benefits under this portion of the plan. *Id.* at *6–7. Here, by contrast, Plaintiff does not allege that he was or is a participant in any portion of the YUM Plans but rather that he was "excluded . . . from the definition of 'employee' covered by the YUM Plans" and thus excluded from participating in the YUM Plans. SAC ¶ 50. Such allegations are insufficient to state a colorable claim to vested benefits. *See Rosset*, 2014 WL 8623332, at *8; *Harris*, 26 F.3d at 931–33; *cf. Yaralian v. Fastovsky*, No. CV 15-8989-GHK (Ex), 2016 WL 552675, at *4 (C.D. Cal. Feb. 10, 2016) (finding plaintiff had a colorable claim to vested benefits because he alleged that he participated in the relevant plan while he was an employee and was paid only part of his accrued benefit).

In sum, because the SAC is premised on the notion that Plaintiff was excluded from participating in the YUM Plans and thus was not a participant in these plans, Plaintiff does not state a colorable claim to vested benefits. *See Saeyoung Vu*, 2015 WL 13545180, at *6; *Rosset*, 2014 WL 8623332, at *8; *Harris*, 26 F.3d at 931–33. Plaintiff is therefore not a "participant" under 29 U.S.C. § 1002(7), *see Firestone Tire & Rubber Co.*, 489 U.S. at 117, and as a result lacks statutory standing to assert his ERISA Claims, *see Leeson*, 671 F.3d at 977; *Vaughn*, 567 F.3d at 1024. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's first through fifth causes of action. Because Plaintiff has alleged throughout the SAC that he was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1191 PSG (DFMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | Tim Alders v. YUM! Brands, Inc. et al. | | |

a participant in the YUM Plans, the Court finds that amendment would be futile and thus **DENIES** leave to amend. *See Jackson*, 353 F.3d at 758; *Saeyoung Vu*, 2015 WL 13545180, at *6 (denying leave to amend claims based on element of ERISA plan from which plaintiff alleged she was wrongfully excluded from participating).

　　B.　　State Law Claims

Defendant moves to dismiss portions of Plaintiff's State Law Claims and argues that, if Plaintiff's ERISA Claims are dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining State Law Claims. *Mot.* 17:16–21:10. Plaintiff counters that, even if the ERISA Claims are dismissed, the Court should exercise its discretion to hear Plaintiff's State Law Claims because leaving those claims "undecided will have a substantial, harmful impact on Plaintiff." *Opp.* 16:25–17:3.

Before declining to exercise supplemental jurisdiction under § 1367(c)(3), district courts must consider the *Gibbs* factors of (i) comity, (ii) fairness, (iii) convenience, and (iv) judicial economy. *See Acri*, 114 F.3d at 1001. The Supreme Court and the Ninth Circuit have counseled that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Acri*, 114 F.3d at 1000 ("[S]tate law claims *should* be dismissed if federal claims are dismissed before trial.").

In this case, judicial economy and comity counsel in favor of declining to exercise supplemental jurisdiction. The case remains in its early stages—the parties have only filed one motion, and a scheduling order has not yet been entered. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 (indicating that when all federal law claims are dismissed in the early stages of a case, the balance of the *Gibbs* factors will generally point toward declining to exercise supplemental jurisdiction over the remaining state law claims). Further, the Court has not performed any substantive analysis of the State Law Claims that would need to be duplicated by a subsequent state court, should Plaintiff choose to refile these claims. Judicial economy accordingly weighs in favor of declining to exercise supplemental jurisdiction. *See Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002). Although Plaintiff's remaining claims do not raise novel or complex issues of state law, "state claims are not required to be complicated or novel to raise comity concerns." *See U.S. Colo, LLC v. Coresite One Wilshire*, No. CV 14–4044 PSG (PLAx), 2014 WL 6682637, at *2 (C.D. Cal. Nov. 21, 2014); *Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988) ("[P]rinciples of comity will be well-served by allowing the state courts to resolve claims solely of state law.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1191 PSG (DFMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | Tim Alders v. YUM! Brands, Inc. et al. | | |

Fairness and convenience do not weigh heavily in either direction. Plaintiff does not provide any reasons why dismissing his State Law Claims "will have a substantial, harmful impact on [him]" or why it would be less convenient to litigate these claims in state court. *See Opp.* 16:25–17:3. Further, "there is no basis for assuming that a state forum will not provide 'as fair a proceeding as a federal one.'" *Medina v. S. Cal. Permanente Med. Grp.*, No. CV16–3109 PSG JCx, 2017 WL 3575278, at *6–7 (C.D. Cal. July 17, 2017) (quoting *Millar*, 236 F. Supp. 2d at 1120). Given the early stage of the proceedings, the Court does not find that declining to exercise supplemental jurisdiction would be unfair to Plaintiff. *See Alvarez v. City of Oxnard*, CV 19-8044 PSG (JCx), Dkt. # 80 (slip op.), at *6–7 (C.D. Cal. Dec. 1, 2021) (declining to exercise supplemental jurisdiction approximately three months before trial would not be so unfair to plaintiff as to override comity concerns); *cf. Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding abuse of discretion where district court declined supplemental jurisdiction seven days before trial after the parties were "essentially done with trial preparation").

Having "dismissed all claims over which it has original jurisdiction" and considered the *Gibbs* factors, the Court **DECLINES** to exercise supplemental jurisdiction over the remaining State Law Claims. *See* 28 U.S.C. § 1367(c)(3); *Reiten v. Blue Cross of Cal.*, No. 2:19-cv-05274-AB-AFMx, 2020 WL 1032371, at *2 (C.D. Cal. Jan. 23, 2020) (dismissing sole federal cause of action under ERISA and declining to exercise jurisdiction over remaining state law claim); *Bristol SL Holdings, Inc. v. United HealthCare Servs., Inc.*, No. SA CV 19-0710-DOC (DFMx), 2019 WL 6333803, at * 4 (C.D. Cal. Oct. 7, 2019) (same). The Court accordingly **DISMISSES WITHOUT PREJUDICE** Plaintiff's sixth, seventh, eighth, and ninth causes of action.

Because the Court has dismissed all of Plaintiff's claims, the Court **DENIES AS MOOT** Defendants' motion to transfer venue to the Western District of Kentucky.

V.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's first through fifth causes of action without leave to amend and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's sixth through ninth causes of action. The Court also **DENIES AS MOOT** Defendants' motion to transfer venue. This order closes the case.

**IT IS SO ORDERED.**